IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CEPHALON, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1738-GMS |
| | ) | |
| EAGLE PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MOTION TO DISMISS WITH PREJUDICE</u>**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff Cephalon, Inc. ("Cephalon") hereby moves for an order dismissing with prejudice all claims it has asserted against Defendant Eagle Pharmaceuticals, Inc. ("Eagle") concerning infringement of U.S. Patent No. 8,445,524, along with Eagle's declaratory judgment counterclaim of non-infringement. The grounds for this motion are set forth as follows:

1. After evaluating Eagle's proposed product, Cephalon notified Eagle on August 19, 2014 that Cephalon intended to dismiss all of its claims in this action and provided Eagle with a proposed stipulation and order of dismissal. Cephalon and Eagle then began meeting and conferring about the form of dismissal of this action.

2. Eagle has stated that it has no objection to dismissal of this action in its entirety and that it has no intention of maintaining its counterclaim of non-infringement (which it cannot do if this litigation is dismissed with prejudice as the counterclaim of non-infringement will be moot).

3. Despite the general agreement between the parties that dismissal is appropriate, this motion is necessary because Cephalon and Eagle have not been able to reach a final agreement on a stipulated form of dismissal.

4. Specifically, Eagle has insisted that any dismissal include language concerning the status of the thirty-month stay of final approval by FDA of Eagle's New Drug Application No. 205580, which is the subject this lawsuit. Eagle has insisted on including such language in the dismissal order, even though the status of the stay, and any decision whether or not to terminate it, is within the exclusive purview of FDA. Moreover, as set forth in FDA's tentative approval letter, Eagle is blocked from receiving final approval of NDA No. 205580 until May 1, 2016 by virtue of Cephalon's Orphan Drug Exclusivity.

5. Apart from this single issue, the parties have otherwise agreed to a form of dismissal. The attached proposed order reflects the portions of the order to which the parties have previously agreed, and that Cephalon proposes should be the entirety of the order.

6. "If the plaintiff moves for an order under Rule 41(a)(2) for voluntary dismissal, specifically requesting that the dismissal be with prejudice, it has been held that the district court must grant that request." 9 FED. PRAC. & PROC. CIV. § 2367 (3d ed.). *See generally Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964) (holding district court abused discretion by refusing to dismiss litigation with prejudice upon request of plaintiff). Cephalon's representation nearly a month ago that it does not intend to pursue its claim of infringement in this action against Eagle should have been enough to end this case without the involvement of the Court.

8. The efficient administration of justice also supports granting this motion. The Court has not entered a schedule, conducted a claim construction hearing, or set a trial date.

9.      In short, Cephalon's request is straightforward and should be granted – this action be dismissed *with prejudice*, including all claims, counterclaims and affirmative defenses, with each party to bear its own costs and attorneys' fees.  There is no reason to delay entry of that appropriate order at this time.

10.     Pursuant to Local Rule 7.1.1., counsel certifies that the parties have made reasonable efforts to resolve this matter without judicial intervention.

WHEREFORE, plaintiff, Cephalon, Inc. respectfully requests the Court to grant this motion and to enter the attached order dismissing this litigation.

                                        Respectfully submitted,

                                        */s/ Karen E. Keller*
OF COUNSEL:                             John W. Shaw (No. 3362)
David M. Hashmall                       Karen E. Keller (No. 4489)
Calvin E. Wingfield, Jr.                David M. Fry (No. 5486)
GOODWIN PROCTER LLP                     SHAW KELLER LLP
The New York Times Building             300 Delaware Ave., Suite 1120
620 Eighth Avenue                       Wilmington, DE 19801
New York, NY 10018                      (302) 298-0700
(212) 813-8800                          kkeller@shawkeller.com
                                        *Attorneys for Plaintiff Cephalon, Inc.*

Daryl L. Wiesen
Emily L. Rapalino
Nicholas K. Mitrokostas
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: September 16, 2014

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CEPHALON, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1738-GMS |
| | ) | |
| EAGLE PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# [PROPOSED] ORDER OF DISMISSAL

1.    Pursuant to Federal Rule of Civil Procedure 41(a)(2), IT IS HEREBY ORDERED that all claims, counterclaims and affirmative defenses asserted by the Parties against one another in the above-captioned action (the "Action") are dismissed with prejudice, and without costs, disbursements, or attorneys' fees to any party. The entry of this Order shall end the patent infringement lawsuit with respect to U.S. Patent No. 8,445,524 (the "'524 patent").

2.    This Order, which addresses only Cephalon's and Eagle's claims for relief against one another with respect to the '524 patent, is being entered in this Action only. This Order shall not be entered in or otherwise impact the multiple actions pending in this Court involving the '524 patent, Civil Action Nos. 13-2046-GMS, 13-2080-GMS, 13-2081-GMS, 13-2082-GMS, 13-2093-GMS, 13-2094-GMS, 13-2095-GMS, 13-2096-GMS, 13-2104-GMS, 14-0122-GMS, 14-0335-GMS, 14-0568-GMS, 14-671-GMS, 14-1045-GMS, 14-1116, and 14-1117, or the action pending in this court involving the assertion of a different patent, U.S. Patent No. 8,172,270, against Eagle, 14-1042-GMS.

SO ORDERED this ____ day of _____, 2014.

_____
United States District Judge